**In the Interest of L.Q.B., a Minor Child.**

**Bobby D. Bishop, Appellant**

**v.**

**Greene County Juvenile Office, Respondent.**

**No. 27816.**

Missouri Court of Appeals, Southern District, Division One.

Nov. 27, 2006.

Christopher A. Hazelrigg, Hazelrigg, Roberts & Easley, P.C., Springfield, for Appellant.

Bill Prince, Jason J. Lessmeier, Springfield, for Respondent.

JOHN E. PARRISH, Judge.

Bobby D. Bishop (father) appeals a judgment terminating his parental rights to L.Q.B.[1] He contends the evidence was not sufficient to prove the grounds alleged in the petition to terminate parental rights. This court affirms.

The petition to terminate parental rights alleged abandonment. It alleged that the Juvenile Court of Greene County adjudicated that L.Q.B. had been "abused and/or neglected." The petition further alleged that L.Q.B. had "been subjected to the jurisdiction of the court for more than one year and the conditions leading to the child's removal continue to exist or conditions of a potentially harmful nature exist such that the minor child cannot be returned to the parental home in an ascertainable period of time and the continuation of the parent and child relationship greatly diminish[ed] the child's prospects for early integration into a stable and permanent home."

■ The juvenile court found:

The minor child has been abandoned by . . . father in that said minor child who was at the time of the filing of the Petition, over the age of one year, had been without contact from . . . the father for the six month period immediately prior to the filing of the petition herein. The . . . father [has], without good cause, left the child without any provision for parental support and without making arrangements to visit or communicate with the minor child, although able to do so. . . . Prior to February of 2005 the father's visitation was sporadic with the father going weeks and months without visiting or contacting the minor child. Case workers Henson and Knight both testified that there were no court orders in place or other prohibitions that would have prevented the parents from visiting or contacting the child. Evidence was also presented that the mother and father failed to provide the minor child with financial or regular in-kind support. No evidence was presented of an inability on the part of the mother or of the father to provide at least a minimal amount of support.

■ The juvenile court further found:

The child has been under the jurisdiction of the juvenile court for a period of in excess of one year and the conditions which led to the assumption of jurisdiction still persist, to-wit, the ongoing abandonment by the mother, the mother's continuing neglect of the minor child, the father's ongoing anger control issues, stability issues, substance abuse issues and conditions of a potentially harmful nature exist including the abandonment by the father and by the mother along with the fact that the father's whereabouts are unknown and the suitability of the mother and of the father as custodian are unknown; and there is little or no likelihood that those conditions will be remedied at an early date so that the child can be returned to a parent in the near future and the continuation of the parent and child relationship greatly diminishes the child's prospects for early integration into a stable and permanent home. Evidence was presented that the child was in a stable and potentially permanent home environment where all of her needs were being met.

It found that father had not complied with a social service plan; that although he had completed a psychological evaluation, he "failed to consistently follow

**1.** The child's mother's parental rights were also terminated. She does not appeal.

**642**

through with all recommendations made in that evaluation including stability, sobriety and counseling. The father failed to establish or maintain a stable residence and at the time of trial his whereabouts and circumstances had been unknown for some period of time. The father did not provide verification of having maintained consistent employment or a stable means of support. The father indicated that at one point he was employed by Willowbrook Farms in early 2005. The father did not consistently keep the Division [of Children's Services] apprised as to his criminal matters and any new criminal charges. The father was discharged from his first set of parenting classes due to non-attendance. He completed the second set of parenting classes to which he was referred. He failed to develop a support system to assist him in parenting. The father had no known positive drug tests. The father did not provide verification of having completed a substance abuse assessment." The juvenile court reiterated its finding that father had not maintained consistent visitation and had abandoned L.Q.B. It determined that father failed to provide verification of having attended therapy or counseling; that he had not kept the agency apprised as to his household composition.

Father asserts one point on appeal. He contends the trial court erred in terminating his parental rights because "(1) there were emotional ties between the minor child and [father], (2) that the father provided financial support or like kind support to the child, (3) that there are further services that could be offered to help rectify the situation and return the minor child back to the home, (4) that the father has shown an interest in and commitment to the minor child and (5) that the father maintained visitation or other contact with the child."

Mindful that "[l]ittle or no weight need be given to 'infrequent visitations, communications, or contributions[,]' [§ ] 211.447.7 [RSMo 2000][,]" *In re P.L.O.*, 131 S.W.3d 782, 789 (Mo. banc), *cert. denied*, 543 U.S. 896, 125 S.Ct. 100, 160 L.Ed.2d 164 (2004), and that the judgment appealed is reviewable under Rule 84.13(d), following review of the record on appeal this court finds that the trial court's findings of fact and judgment are supported by substantial evidence and are not against the weight of the evidence. No error of law appears. Father's point on appeal is denied. The judgment is affirmed in compliance with Rule 84.16(b).

RAHMEYER, P.J., and SCOTT, J., concur.